**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000458**
**15-NOV-2012**
**02:11 PM**

CAAP-11-0000458

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SKYLER RAY FARREN, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 10-1-2274)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Ginoza, JJ.)

Defendant-Appellant Skyler R. Farren (Farren) appeals from the Judgment of Conviction and Sentence (Judgment) entered in the Family Court of the First Circuit (Family Court)[1] on May 12, 2011. Plaintiff-Appellee State of Hawai'i (State) charged Farren with: (1) abuse of a family or household member (Count I); and (2) second-degree terroristic threatening (Count II). The complaining witness (CW) was Farren's girlfriend, with whom he had been residing. A jury found Farren guilty of Count I and acquitted him of Count II. The Family Court sentenced Farren to two years of probation, subject to the condition of two days of incarceration. Farren's sentence was stayed pending appeal.

On appeal, Farren contends: (1) the Family Court erred in allowing hearsay testimony over his objection, or

---

[1] The Honorable Fa'auuga L. To'oto'o presided.

alternatively, in failing to issue a proper limiting instruction; (2) the prosecutor's remarks in closing argument constituted misconduct; (3) the Family Court's instructions on self-defense were erroneous; and (4) there was insufficient evidence to support Farren's conviction for abuse of a family or household member. We affirm.

I.

The State adduced the following evidence at trial. Farren lived with the CW and her three children. The couple's relationship was "tense," with Farren berating and constantly calling the CW names. Because their relationship was not working out, the CW told Farren he had to move out, and she gave him thirty days to find another place.

The CW testified that the next day, Farren continued to call her names and make rude comments. When Farren came home from work, he took off his dirty and sweaty work shirt and threw the shirt overhand at the CW, hitting her in the face from a distance of eight or nine feet. After initially testifying that being hit by the shirt did not hurt, the CW admitted that she had told a police officer that there was "maybe a little bit" of pain when the shirt hit her face. Farren did not object to this testimony. The CW further testified, without objection, that the shirt "hit my face, it slapped my face."

Later, while the CW and Farren were in the living room, the CW warned Farren that she would get a restraining order. Farren responded, "Fuck the restraining order." Farren pulled out a knife with the blade exposed and brandished it for one or two seconds before putting it back in his pocket. Farren then put his left hand on the CW's upper neck just under her jaw line, using the crook between his thumb and index finger. Farren pushed the CW backwards three feet, causing her to fall over a wooden stool and onto a couch.

The CW went to the adjoining residence of a neighbor and asked if she could leave her computer there because she was afraid Farren might break it. The CW was visibly shaking and

tearful. The CW then went to the police station, where she reported the incident to Officer Camille Koholua (Officer Koholua).

II.

We resolve the arguments raised by Farren as follows:

1. Farren argues that the Family Court erred in allowing Officer Koholua, over a hearsay objection, to testify that the CW told the officer that Farren threw a shirt "that struck [the CW] in the face causing pain." Farren argues in the alternative that if this testimony was admissible, the Family Court erred in failing to give a limiting instruction. Officer Koholua's testimony was essentially duplicative of the CW's unobjected-to testimony that Farren threw a shirt that "hit . . . [and] slapped [the CW's] face" and caused "maybe a little bit" of pain. We conclude that any error in admitting Officer Koholua's testimony without a limiting instruction was harmless. See State v. Crisostomo, 94 Hawai'i 282, 290, 12 P.3d 873, 881 (2000) (concluding that any error in admitting evidence that was cumulative of properly admitted evidence was harmless); State v. Clark, 83 Hawai'i 289, 298, 926 P.2d 194, 203 (1996) (same).

2. Farren argues that the prosecutor engaged in misconduct through his remarks in closing argument, which referred to our society being governed by "the rule of law," and not "the law of the jungle." Farren also cites as misconduct, the prosecutor's remarks that in our country, unlike some other countries, we do not apply the "law of the jungle," where might makes right, and we do not allow "whoever's the biggest and most powerful . . . to call the shots." Farren did not object to the prosecutor's remarks, but now claims that they deprived him of a fair trial.

While poorly phrased, the prosecutor's remarks essentially directed the jury to apply the rule of law and emphasized the underlying rationale for the criminal prohibition against threatening and assaultive behavior -- that might does not make right. Considered in context, we reject Farren's

3

contention that the prosecutor's comments constituted plain error which adversely affected Farren's substantial rights. See Hawai'i Rules of Penal Procedure Rule 52(b) (1977).

3. Farren argues that the Family Court's instructions on self-defense were erroneous because the Family Court did not use the recently adopted Hawai'i Pattern Jury Instructions -- Criminal (HAWJIC) Instruction 7.01B (Apr. 4, 2011) on self-defense, but instead gave the former HAWJIC self-defense instruction. Farren argues that the Family Court's instruction was deficient because it did not include the language in the new HAWJIC instruction that: "The defendant may estimate the necessity for the use of force under the circumstances as he/she reasonably believes them to be when the force is used, without retreating . . . ." (brackets omitted). Instead, the Family Court gave the former HAWJIC self-defense instruction which contained language that: "The reasonableness of the defendant's belief that the use of such protective force was immediately necessary shall be determined from the viewpoint of a reasonable person in the defendant's position under the circumstances of which the defendant was aware or as the defendant reasonably believed them to be." HAWJIC Instruction 7.01 (2000).

Farren cites no case which holds that the portion of the former HAWJIC self-defense instruction he challenges was defective. He nevertheless claims that the absence of language that "the defendant may estimate the necessity for the use of force . . . without retreating" rendered the Family Court's instruction prejudicially erroneous. We disagree. The Family Court's instruction accurately captures the requirement that the necessity for the defendant's use of force be evaluated from the viewpoint of a reasonable person in the defendant's position based on the circumstances as the defendant was aware or reasonably believed them to be. See State v. Augustin, 101 Hawai'i 127, 127-28, 63 P.3d 1097, 1097-98 (2002) (Order Dismissing Certiorari Proceeding). There was no suggestion in this case that Farren had a duty to retreat before engaging in

4

self-defense. Therefore, the instruction's silence as to whether there was a duty to retreat did not affect Farren's substantial rights.

4. We reject Farren's claim that there was insufficient evidence to support his conviction because there was no substantial evidence that the CW suffered any "physical pain." The CW testified that Farren put his hand on her upper neck and pushed her backward three feet, causing her to fall over a stool and onto a couch. Shortly after the incident, the CW appeared at her neighbor's residence, visibly shaking and tearful. Although the CW denied that she felt pain as a result of the push, the jury was free to disregard this testimony and could reasonably infer that the CW experienced physical pain as the result of being pushed in the neck and falling backward. See State v. Hoang, 94 Hawaiʻi 271, 281, 12 P.3d 371, 381 (App. 2000) (concluding that the trier of fact could reasonably infer pain from evidence of physical contact, even though there was no specific evidence adduced regarding pain). We conclude that when viewed in the light most favorable to the prosecution, State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981), there was sufficient evidence to support Farren's conviction.

III.

We affirm the May 12, 2011, Judgment of the Family Court.

DATED: Honolulu, Hawaiʻi, November 15, 2012.

On the briefs:

Audrey L. Stanley
Deputy Public Defender
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

5